**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**LEROY COLLINS,**

       **Plaintiff,**

                                    **Civil Action 2:12-cv-1093**

    **v.**                             **Judge George C. Smith**

                                     **Magistrate Judge Elizabeth P. Deavers**

**WARDEN, LONDON CORRECTIONAL
INSTITUTION,** *et al.***,**

       **Defendants.**

<u>**ORDER AND REPORT AND RECOMMENDATION**</u>

Plaintiff, Leroy Collins, an Ohio inmate who proceeds *in forma pauperis* and without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983.  Plaintiff alleges that Warden Timmerman-Cooper failed to monitor prisoner complaints against medical staff and the prison-cashier's office.  Plaintiff also alleges that Defendants Woods and Bottorff acted with deliberate indifference toward his serious medical needs in violation of the Eighth Amendment to the United States Constitution.  Finally, Plaintiff alleges that Defendant Bottorff's supervisor, Defendant Murphy, failed to restore the medical treatments that Defendant Bottorff eliminated. This matter is before the Court for an initial screen pursuant to 28 U.S.C. § 1915(e).  At this juncture, the Court will allow Plaintiff to proceed on his claims against Defendants Woods and Bottorff for deliberate indifference toward his serious medical needs, as well as his claim against Defendant Murphy.  For the reasons that follow, the Undersigned **RECOMMENDS** that Plaintiff's claims against Defendant Timmerman-Cooper be **DISMISSED** for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

The Court assumes for purposes of the initial screen that the following allegations contained in Plaintiff's Complaint are true.  In 2007, Plaintiff, who at the time was incarcerated in an institution other than the London Correctional Institution ("LCI"), suffered from continuous back pain.  Prison officials sent Plaintiff to The Ohio State University hospital, where doctors diagnosed him with having four herniated discs.  Doctors prescribed a treatment plan that included a bottom-bunk restriction, Ibuprofen, and a prescription pain-reliever called Altrum.

On August 15, 2011, Plaintiff was transferred to LCI in London, Ohio.  According to Plaintiff, the medical staff at LCI have eliminated the treatment plan that doctors had established to treat Plaintiff's disc problem.  Dr. Barbara Woods eliminated Plaintiff's prescription for Altrum.  (Compl. 2, ECF No. 3.)  Nurse Practitioner Trina Marie Bottorff eliminated Plaintiff's prescription for Ibuprofen and Plaintiff's bottom-bunk restriction.  *Id.*  Defendant Bottorff also cancelled Plaintiff's prescription for asthma medication and his prescription for Tylenol, and refuses to refer Plaintiff to be treated for a Hepatitis C infection.  *Id.*  Plaintiff also contends that Nurse Bottorff denied Plaintiff's request for an MRI to prove that he suffers from herniated discs, and that she cancelled his prescription for an anti-inflammatory medication called Nuerotin.  *Id.* at 2-3.

Plaintiff maintains that Nurse Bottorff eliminated some of the treatments outlined above in retaliation for Plaintiff filing complaints against her with her supervisor, R. Murphy.  He states that each time he filed an informal complaint, Nurse Bottorff discontinued another medical treatment.  *Id.* at 3.  Moreover, Defendant Murphy failed to restore Plaintiff's treatments in response to his complaints.  *Id.*  Plaintiff states that the actions of LCI's medical staff have

2

significantly affected his daily activities and aggravated his medical condition.  *Id.* at 2, 3.

Plaintiff alleges that he filed numerous grievances concerning the actions of LCI medical staff.  He speculates that Warden Timmerman-Cooper would have seen his grievances had she monitored inmate complaints.  Had she seen the complaints, according to Plaintiff, the Warden could have intervened to restore Plaintiff's treatments and prevent further eliminations of medicine and restrictions.

Plaintiff also alleges that Warden Timmerman-Cooper fails to monitor inmate complaints concerning the conduct of the prison-cashier.  Plaintiff contends that he has filed numerous complaints alleging that the cashier randomly withdrawals funds from his prison-account.  Had Warden Timmerman-Cooper monitored inmate complaints, Plaintiff believes she could have intervened to restore Plaintiff's funds and prevent further deductions.

Plaintiff seeks restoration of his medical treatments, a different medical provider, injunctive relief preventing the prison-cashier from withdrawing funds from his account, and monetary damages.

## II.  STANDARD OF REVIEW

Congress enacted 28 U.S.C. §§ 1915(e) and 1915A, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of

---

[1] Formerly 28 U.S.C. § 1915(d).

the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that--
>
>       *      *      *
>
>   (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31; *see also* 28 U.S.C. § 1915A

(requiring the Court to screen a prisoner's complaint "as soon as practicable" and dismiss any

portion of a the complaint if it is frivolous, malicious, or fails to state a claim).  Thus, §§ 1915(e)

and 1915A require *sua sponte* dismissal of an action upon the Court's determination that the

action is frivolous or malicious, or upon determination that the action fails to state a claim upon

which relief may be granted.

      To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil

Procedure. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of

Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)).  Although

this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is

insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, a complaint will not "suffice if it tenders

'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at

557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of

the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  Additionally, the Court must construe *pro se* complaints liberally.  *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 129 S.Ct. at 1949.

### III.  ANALYSIS

At this time, the Court will allow Plaintiff to proceed on his claims against Defendants Woods and Bottorff for deliberate indifference toward his serious medical needs.  The Undersigned concludes, however, that Plaintiff has failed to state a claim upon which relief may be granted with regard to his claims against Warden Timmerman-Cooper for failure to monitor prison complaints.  Although the question is closer, the Court will permit Plaintiff to proceed on his claim against Defendant Murphy.

### A.  Plaintiff's Claims Against Warden Timmerman-Cooper

Plaintiff has failed to state a claim upon which relief may be granted against Warden Timmerman-Cooper for failure to monitor inmate complaints.  To plead a cause of action under 42 U.S.C. § 1983, a Plaintiff must plead two elements: (1) a person acting under color of state law caused deprivation of a right that is (2) secured by the Constitution or laws of the United

States.  *Hunt v. Sycamore Cmty. School Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008).

To sufficiently plead the first element, a plaintiff must allege "personal involvement" on the part

of the defendant.  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).  This

requirement arises because "§ 1983 liability cannot be imposed under a theory of *respondeat*

*superior*."  *Id.* (citation omitted).  "A supervisor is not liable under § 1983 for failing to train

unless the supervisor either encouraged the specific incident of misconduct or in some other way

directly participated in it."  *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation

omitted).  Put another way, to hold a supervisor liable under § 1983, a plaintiff "must show that

the official at least implicitly authorized, approved, or knowingly acquiesced in the

unconstitutional conduct . . . ."  *Id.*

Here, Plaintiff has not alleged personal involvement on the part of Warden Timmerman-

Cooper sufficient to render her liable under § 1983.  Plaintiff generally alleges that Warden

Timmerman-Cooper failed to monitor inmate complaints.  This allegation does not attribute a

"specific incident of misconduct" or other direct participation to Defendant Timmerman-Cooper.

*Everson*, 556 F.3d at 495.  Plaintiff thus has not met the first element of a § 1983 claim.

Even if Plaintiff had pled sufficient personal involvement, he has failed to allege that

Defendant Timmerman-Cooper deprived him of a right secured by the Constitution.  Plaintiff

essentially attacks LCI's prison-grievance system on the basis that the warden does not

personally monitor inmate complaints.  Prisoners do not have a constitutional right to prison

grievances.  *Argue v. Hofmeyer*, 80 Fed. App'x 427, 430 (6th Cir. 2003) (citing *Hewitt v. Helms*,

450 U.S. 460, 467 (1983)); *see also Keenan v. Marker*, 23 Fed. App'x 405, 407 (6th Cir. 2001)

("[T]here is no inherent constitutional right to an effective prison grievance procedure.")

(citation omitted).  Thus, any discontent relating to the prison-grievance process falls outside of

the protections of the United States Constitution, and therefore outside of the scope 28 U.S.C. §

1983.  *See Walker v. Mich. Dept. of Corr.*, 128 Fed. App'x 441, 445 (6th Cir. 2005) ("[A]

violation of a constitutional right is required in order to obtain relief under § 1983 . . . .").

Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against

Defendant Timmerman-Cooper.

      **B.**      **Plaintiff's Claim Against R. Murphy**

      The Court will permit Plaintiff to proceed against Defendant R. Murphy.  As indicated

above, to plead a claim under § 1983 a plaintiff must allege "personal involvement."  *Grinter*,

532 F.3d at 575.  Moreover, "§ 1983 liability cannot be imposed under a theory of *respondeat*

*superior*."  *Id.* (citation omitted).  Here, Plaintiff alleges that Defendant Murphy, Nurse

Bottorff's supervisor, sided with Nurse Bottorff when Plaintiff filed informal complaints against

her.  (Compl. 3, ECF No. 3.)  Plaintiff also faults Defendant Murphy for failing to restore the

medical treatments that Nurse Bottorff discontinued.  *Id.*  Consistent with the Court's duty to

construe *pro se* complaints liberally, *Younis*, 610 F.3d at 362, the Court finds that Plaintiff has

pled sufficient personal involvement on the part of Defendant Murphy to proceed with a § 1983

action.[2]

## IV.  CONCLUSION

      Accordingly, the Court will allow Plaintiff to proceed on his claims against Defendants

Woods and Bottorff for deliberate indifference toward his serious medical needs, as well as his

claim against Defendant Murphy.  The Undersigned **RECOMMENDS** that Plaintiff's claims

---

[2] This determination in no way prevents Defendant from filing a Motion to Dismiss.

against Defendant Timmerman-Cooper be **DISMISSED** for failure to state a claim upon which relief may be granted.  Accordingly, the United States Marshal is **DIRECTED** to serve by certified mail upon Defendants a summons, a copy of the Complaint, and a copy of this Order. Each Defendant is **ORDERED** to answer or otherwise respond to the Complaint within **FORTY-FIVE (45) DAYS** after being served with a copy of the Complaint and summons. Furthermore, the Clerk is **DIRECTED** to mail a courtesy copy of the Complaint and this Order to the Ohio Attorney General's Office.

## V.  PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed,

appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

   **IT IS SO ORDERED.**


Date: December 7, 2012           */s/ Elizabeth Preston Deavers*
               Elizabeth Preston Deavers
               United States Magistrate Judge