UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LEROY COLLINS,**

    **Plaintiff,**

                                              Civil Action 2:12-cv-1093
     v.                          Judge George C. Smith
                                              Magistrate Judge Elizabeth P. Deavers

**WARDEN, LONDON CORRECTIONAL
INSTITUTION,** *et al.*,

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Leroy Collins, an Ohio inmate who proceeds *in forma pauperis* and without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983. This matter is before the Court for consideration of Defendants' Motion for Judgment on the Pleadings. (ECF No. 13.) In response to Defendants' Motion, Plaintiff filed a Motion to Amend Complaint. (ECF No. 15.) Defendants filed a Response in Opposition to Plaintiff's Motion on April 10, 2013. (ECF No. 16.) Plaintiff filed his Reply on April 25, 2013. (ECF No. 17.) Also before the Court is Defendants' Motion to Stay Discovery Pending Resolution of Motion for Judgment on the Pleadings. (ECF No. 14.) Plaintiff did not file a Response to Defendants' Motion. For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings be **GRANTED IN PART AND DENIED IN PART**. Specifically, it is **RECOMMENDED** that Defendants' Motion be **GRANTED** as to Plaintiff's claims against Defendant Woods, and that such claims be **DISMISSED** for failure to state a claim. It is further **RECOMMENDED** that Defendants' Motion be **DENIED** as it relates to Plaintiff's claims

against Defendants Bottroff and Murphy.  Plaintiff's Motion to Amend Complaint is **DENIED**.  Defendants' Motion to Stay Discovery is also **DENIED**.

## I. BACKGROUND

Plaintiff alleges that he began to suffer from continuous back pain in 2007.  At the time, he was incarcerated in an institution other than the London Correctional Institution ("LoCI").  Prison officials sent Plaintiff to The Ohio State University hospital, where doctors diagnosed him with having four herniated discs.  Doctors prescribed a treatment plan that included a bottom-bunk restriction, Ibuprofen, and a prescription pain-reliever called Altrum.

On August 15, 2011, Plaintiff was transferred to LCI in London, Ohio.  According to Plaintiff, the medical staff at LCI have eliminated the treatment plan that doctors had established to treat his disc problem.  According to Plaintiff, Dr. Barbara Woods eliminated Plaintiff's prescription for Altrum.  (Compl. 2, ECF No. 3.)  Nurse Practitioner Trina Marie Bottorff eliminated Plaintiff's prescription for Ibuprofen and Plaintiff's bottom-bunk restriction.  *Id.*  Defendant Bottorff also cancelled Plaintiff's prescription for asthma medication and his prescription for Tylenol, and refuses to refer Plaintiff to be treated for a Hepatitis C infection.  *Id.*  Plaintiff also contends that Nurse Bottorff denied his request for an MRI to prove that he suffers from herniated discs, and cancelled his prescription for an anti-inflammatory medication called Nuerotin.  *Id.* at 2-3.

Plaintiff maintains that Nurse Bottorff eliminated some of the treatments outlined above in retaliation filing complaints against her with her supervisor, Defendant Murphy.  He contends that he filed multiple complaints with Defendant Murphy concerning Defendant Bottorff's conduct.  *Id.*  Plaintiff alleges that Defendant Murphy "has constantly defended [Defendant] Bottorff and not restored not one of the many treatments she took away."  *Id.*  According to

Plaintiff, each time he filed an informal complaint, Nurse Bottorff discontinued another medical treatment. *Id.* at 3. To date, Defendants Bottorff and Murphy allegedly failed to restore Plaintiff's treatments. *Id.*

Plaintiff seeks restoration of his medical treatments, a different medical provider, and monetary damages.

## II. STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court evaluates a motion filed under Rule 12(c) using the same standard as a Rule 12(b)(6) motion to dismiss. *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' " is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011)

3

(holding, pursuant to *Iqbal* and *Twombly*, that a plaintiff must allege sufficiently specific facts to state a facially plausible claim even if such facts are in the hands of the defendants).

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678.

### III.  ANALYSIS

**A.      Defendants' Motion for Judgment on the Pleadings**

**1.      Liability Against Defendants in their Individual Capacities**

In their Motion, Defendants first challenge Plaintiff's Complaint for his failure to specify in which capacity he seeks to hold Defendants liable. The Eleventh Amendment to the United States Constitution generally bars § 1983 lawsuits against state officials sued in their official capacity. *Shepherd v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989)). As a result, plaintiffs pursuing § 1983 actions must "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply their capacity as state officials." *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989). When a plaintiff fails to explicitly state in which capacity he sues an individual defendant, the Court applies a "course of proceedings" test to determine whether the defendant has received sufficient notice of the plaintiff's intent to hold him personally liable. *Shepherd*, 313 F.3d at 968. Pursuant to this test, to determine whether a defendant received notice of the

potential for individual liability, the Court considers the nature of the plaintiff's claims, whether the plaintiff seeks compensatory or punitive damages, and the nature of any defenses raised, particularly defenses of qualified immunity. *Id*. The Court also considers whether subsequent pleadings put the defendant on notice of the potential for individual liability. *Id*.

Here, although Plaintiff does not specify in his Complaint that he seeks to hold Defendants liable in their individual capacities, the Court concludes that Defendants received sufficient notice of the potential for personal liability. First, each of the Defendants raised the defense of qualified immunity in their Answer (Answer 2, ECF No. 9), which indicates their anticipation of a claim for personal liability. *Shepherd*, 313 F.3d at 968. Second, at least with respect to Defendant Bottorff, Plaintiff seeks monetary relief in his Complaint. (Compl. 5, ECF No. 3.) Although Plaintiff's claims arise from Defendants' actions during their employment, the combination of Plaintiff's request for monetary relief and Defendants' defenses of qualified immunity indicate sufficient notice of the potential for personal liability.[1] Accordingly, it is **RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings as it relates to the capacity in which Plaintiff sues Defendants be **DENIED**.

2. **Plaintiff's Claim Against Woods**

Defendants next seek dismissal of Plaintiff's claim against Defendant Woods for failure to state an Eighth Amendment claim for deliberate indifference to serious medical needs. (Mot. 5, ECF No. 13.) It is well established that "[t]he Eighth Amendment forbids prison officials

---

[1]In addition, prior to Defendants filing their Motion for Judgment on the Pleadings, Plaintiff filed a Reply to Defendant's Answer to the Complaint. (ECF No. 3.) In his Reply, Plaintiff specifically indicated that Defendants acted in their individual capacities. (Reply 2, ECF No. 3.) Although the Court struck Plaintiff's Reply from the docket for failure to comply with Southern District of Ohio Local Rule 7.2 (ECF No. 11), Defendants' receipt of the Reply further suggests that they were on notice of the potential for personal liability in this case.

from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations and citations omitted).  A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011).  The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir.2004).]  The subjective component regards prison officials' state of mind.  *Id.*  Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011).  The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> [W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment.  Where a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments.  However, it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all.

*Alspaugh*, 643 F.3d at 169 (internal quotations and citations omitted).  Along similar lines, "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Med. Servs, Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010).  Furthermore, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).

The Court agrees with Defendants that Plaintiff has failed to state a claim against

6

Defendant Woods. The only allegation Plaintiff makes against this Defendant is that she "cancel[l]ed [his] pain medication, Altrum, relying only on a medical opinion, that was totally without basis or merit, leaving [him] with no effective pain reliever except for the Ibuprofen medication." (Compl. 2, ECF No. 3.) Plaintiff does not allege that Defendant Woods completely denied him care. Rather, he expresses disagreement with Woods' proposed course of treatment for pain. Federal Courts, however, are "generally reluctant to second guess medical judgments." *Alspaugh*, 643 F.3d at 169. Plaintiff's disagreement with Defendant Woods over his course of treatment is insufficient to state a cognizable claim for deliberate indifference to serious medical needs under the Eighth Amendment. *Apanovitch*, 32 F. App'x at 707. Accordingly, the Undersigned **RECOMMENDS** that Defendants' Motion for Judgment on the Pleadings as it relates to Defendant Woods be **GRANTED**, and that Plaintiff's claim against Defendant Woods be **DISMISSED**.

    3.    **Plaintiff's Claim Against Bottorff**

Defendants also seek dismissal of Plaintiff's (1) deliberate indifference and (2) retaliation claims against Defendant Bottorff. The Court addresses each claim separately below.

    a.    **Deliberate Indifference to Serious Medical Needs**

Defendants contend that dismissal of Plaintiff's deliberate indifference claim is appropriate because it arises from a mere disagreement with Defendant Bottorff concerning medical treatment. (Mot. 6, ECF No. 13.) According to Defendants, Plaintiff disagrees with Defendant Bottorff's decision to forego the treatment plan that was in place "years ago at a different prison." *Id.* Further, Defendants assert that Plaintiff has not alleged a complete denial of care. In fact, Defendants posit that "it appears from his allegations that Plaintiff interacts with the medical staff at [the institution] regularly" and receives medication for arthritis. (Mot. 7,

ECF No. 13.)

Plaintiff has established both the objective and subjective components of a deliberate indifference claim against Bottorff.  First, Plaintiff alleges that he suffers from a herniated disc condition that causes his spine to press down on his sciatic nerve.  (Compl. 3, ECF No. 3.)  According to the Complaint, in 2007 doctors established a treatment plan to alleviate the "excruciating pain" Plaintiff suffers as a result of this condition.  *Id.* at 2.  Thus, Plaintiff has alleged a "sufficiently serious medical need" to meet the first element of a deliberate indifference claim.  *Barnett*, 414 Fed. App'x at 787.

Plaintiff has also satisfied the subjective component of a deliberate indifference claim.  He effectively alleges a complete denial of care related to his spinal condition: "Nurse Bottorff[,] my newly appointed medical treatment provider[,] eliminated ALL of the medical treatment for my debilitating spinal condition that was left."  (Compl. 2, ECF No. 3) (emphasis in original).  Consequently, unlike Defendant Woods, Defendant Bottorff purportedly left Plaintiff with no treatment whatsoever for his disc condition.  Further, the mere suggestion that Plaintiff has had contact with medical personnel is insufficient to overcome his allegation that Defendant Bottorff eliminated all treatment for his disc condition.[2]  Consistent with this Court's duty to construe Plaintiff's *pro se* Complaint liberally, *Younis*, 610 F.3d at 362, the Court concludes that Plaintiff has stated a claim for deliberate indifference to serious medical needs against Defendant Bottorff.  Accordingly, it is **RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings with respect to Defendant Bottroff be **DENIED**.

---

[2]Although Plaintiff alleges that he continues to receive medication for arthritis (Compl. 2, ECF No. 3), he has sufficiently alleged an effective denial of care with respect to his disc condition.

### b. Retaliation

Defendants also seek dismissal of Plaintiff's claim against Defendant Bottorff for retaliation. To sustain a claim for retaliation, a plaintiff must allege that "(1) [he] engaged in protected conduct; (2) an adverse action was taken against [him] . . .; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by [his] protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000); *see also Clark v. Johnston*, 413 Fed. App'x 804, 814 (6th Cir. 2011) (recognizing that inmates enjoy a First Amendment right to file grievances against prison staff). The deprivation of a prescribed pain medication constitutes an adverse action. *Smith v. Yarrow*, 78 Fed. App'x 529, 540 (6th Cir. 2003); *see also Tate v. Williams*, No. 2:06-cv-47, 2007 WL 2302613, *4 (S.D. Ohio Aug. 8, 2007) ("In the prison context, 'adverse action' includes . . . deprivation of pain medication.").

Here, Defendants seek dismissal of Plaintiff's retaliation claim on the ground that he has failed to allege sufficient facts to state a state such a claim. (Mot. 9, ECF No. 13.) The allegations set forth in the Complaint, however, undermine Defendants' assertions. Plaintiff alleges that "[e]very time [he would] file an informal complaint against Nurse Bottorff to [her supervisor], Nurse Bottorff would retaliate against [him] and discontinue a medical treatment for the numerous health problems [he has]." (Compl. 3, ECF No. 3.) Plaintiff's informal complaints constitute protected conduct. *Herron*, 203 F.3d at 415. The denial of medication is an adverse action. *Smith*, 78 Fed. App'x at 540. And Plaintiff specifically alleges causation. (Compl. 3, ECF No. 3.) Accordingly, it is **RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings with respect to Plaintiff's retaliation claim against Defendant Bottorff be

9

**DENIED**.

### 3. Plaintiff's Claim Against Murphey

Finally, Defendants contend that Plaintiff's claims against Defendant Murphy must be dismissed because he has failed to allege facts sufficient to subject this Defendant to § 1983 liability.  To plead a cause of action under 42 U.S.C. § 1983, a Plaintiff must plead two elements: (1) a person acting under color of state law caused deprivation of a right that is (2) secured by the Constitution or laws of the United States.  *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008).  To plead the first element sufficiently, a plaintiff must allege "personal involvement" on the part of the defendant.  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).  This requirement arises because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*."  *Id*. (citation omitted).  "A supervisor is not liable under § 1983 for failing to train unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it."  *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted).  Put another way, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ."  *Id*.  For a supervisor to be liable for a subordinate's unconstitutional behavior, the supervisor must have done "more than play a passive role in the alleged violation."  *Frodge v. City of Newport*, 501 Fed. App'x 519, 531 (6th Cir. 2012) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).  For example, § 1983 liability will not attach to a supervisor's mere failure to investigate an incident of unconstitutional behavior or failure to discipline a subordinate.  *Id.*  Knowing acquiescence in unconstitutional behavior, however, will subject a supervisor to liability.  *See Reynolds v. Smith*, No. 2:11-cv-277, 2011 WL 7122291, * 5 (S.D. Ohio Sept. 21, 2011) (denying motion to dismiss

where plaintiff alleged that the supervisor knew of the subordinate's unconstitutional behavior, had discussed the unconstitutional behavior with the plaintiff, but failed to take action to prevent further constitutional violations).

Here, Plaintiff has alleged sufficient facts to state a claim against Defendant Murphy. The question is close, to be sure. But Plaintiff alleges more than a mere failure to act with respect to Defendant Murphy. He alleges that he complained to Defendant Murphy multiple times that her direct subordinate was in effect violating his constitutional rights on an ongoing basis. Accepting Plaintiff's allegations as true, as the Court must at this stage, Defendant Murphy knew of Defendant Bottorff's denial of care and retaliatory actions against Plaintiff, interacted with Plaintiff regarding these purportedly ongoing unconstitutional behaviors multiple times, but failed to prevent further constitutional violations from occurring. Particularly in light of the Court's duty to construe Plaintiff's *pro se* Complaint liberally, *Younis*, 610 F.3d at 362, the combination of these factors is minimally sufficient to state a claim against Defendant Murphy. *Reynolds*, 2011 WL 7122291, at *5. Accordingly, it is **RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings with respect to Defendant Murphy be **DENIED**.

B.     **Motion to Amend Complaint**

In response to Defendants' Motion for Judgment on the Pleadings, Plaintiff filed a Motion to Amend Complaint. (ECF No. 15.) In considering a motion to amend, the Court generally will "freely give leave when justice so requires" pursuant to Federal Rule of Civil Procedure 15(a). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011)

(quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)); *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)) ("Factors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment."). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

Plaintiff's proposed Amended Complaint is almost identical to his original Complaint, with just a few exceptions. *See generally* Proposed Amended Complaint, ECF No. 15-1. None of the proposed additions would affect the Court's conclusions with respect to Defendants' Motion for Judgment on the pleadings or alter the merits of Plaintiff's remaining claims. Because Plaintiff seeks the proposed amendments to clarify issues raised in Defendants' Motion for Judgment on the Pleadings, and because none of the proposed amendments affects the Court's assessment of Defendants' arguments or the merits of Plaintiff's claims, the Court concludes that granting Plaintiff's Motion to Amend would cause undue delay in this case. *Carson*, 633 F.3d at 495. Accordingly, Plaintiff's Motion to Amend Complaint is **DENIED**.

**C.    Motion to Stay Discovery**

Defendants also filed a Motion to Stay Discovery pending resolution of their Motion for Judgment on the Pleadings. (ECF No. 14.) The discovery cutoff date is currently scheduled for July 1, 2013. (ECF No. 12.) In light of the above recommendations and the claims that remain, the Court finds no just reason to delay discovery in this case. Defendants' Motion is, therefore,

**DENIED**.

D.     **Status of Prison Cashier Defendant**

The parties dispute whether any claims regarding the prison cashier survived the Court's initial screen pursuant to 28 U.S.C. § 1915(e).  In his Complaint, Plaintiff purported to assert claims against the Warden of LoCI for failure to monitor inmate complaints against the prison cashier.  (Compl. 4, ECF No. 3.)  The Court dismissed Plaintiff's claims against the Warden for failure to state a claim.  (ECF Nos. 4 and 8.)  Because any claims related to the prison cashier were asserted against the Warden, and the Warden has been dismissed, no claims related to the prison cashier remain pending in this action.

**IV.**

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings be **GRANTED IN PART AND DENIED IN PART**.  (ECF No. 13.)  Specifically, it is **RECOMMENDED** that Defendants' Motion be **GRANTED** as to Plaintiff's claims against Defendant Woods, and that such claims be **DISMISSED**.  It is further **RECOMMENDED** that Defendants' Motion be **DENIED** as it relates to Plaintiff's claims against Defendants Bottroff and Murphy.  Plaintiff's Motion to Amend Complaint is **DENIED**.  (ECF No. 15.)  Defendants' Motion to Stay Discovery is also **DENIED**.  (ECF No. 14.)

**V.  PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

      **IT IS SO ORDERED**.

Date: June 5, 2013                                            /s/ *Elizabeth A. Preston Deavers*
                                                                      Elizabeth A. Preston Deavers
                                                                      United States Magistrate Judge